IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LEE MARTINEZ,

    Petitioner,                    No. CIV S-06-0831 GEB DAD P

    vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.                  ORDER

        Petitioner attempted to initiate this action by filing with this court merely a copy of his state habeas petition which he had submitted to the San Joaquin County Superior Court. On April 21, 2006, the court advised petitioner that in order to commence a federal habeas action, a petitioner must file a federal petition for writ of habeas corpus as required by Rule 3 of the Federal Rules of Civil Procedure, and must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a). In that same order the court granted petitioner the opportunity to file his petition, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee within thirty days of the date of that order.

        On May 8, 2006, petitioner sent a letter to the Clerk of the Court indicating that he is currently confined at Mule Creek State Prison, and that there was a delay in receiving the

1

court's April 21 order. Petitioner also indicates that he recently filed a habeas petition with the San Joaquin County Superior Court in order to exhaust state court remedies. Petitioner argues that since the "tolling process" is applicable, the court's April 21 order is "invalid." (Letter, filed 5-8-06, at 1-2.) In the alternative, petitioner asserts that the time for complying with the court's April 21, 2006, order should be extended.

The court will grant petitioner additional time to file his federal habeas petition. However, petitioner is informed that if none of his federal claims were fully exhausted when he attempted to commence this action, his federal petition will be subject to dismissal as premature.[1] "'The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals.'" Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (quoting Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993)). Therefore, if none of petitioner's claims were exhausted on April 18, 2006 when he attempted to commence an action in this court, this action will be dismissed for failure to exhaust available state remedies.

If, however, petitioner sought to pursue both exhausted and unexhausted claims as of April 18, 2006, he should file a habeas petition setting forth only his exhausted claims and, if he so chooses, also file a motion for a stay and abeyance. In this regard, petitioner is cautioned that the Supreme Court has held that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). Even if a petitioner shows good cause, the district court should not grant a stay if the claims are plainly meritless. Id. Finally, federal proceedings may not be stayed

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

1  indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to
2  exhaust additional claims. Id. at 277-78.  Thus, should petitioner file a motion for a stay and
3  abeyance, the motion must (1) show good cause for petitioner's failure to exhaust all claims prior
4  to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is
5  potentially meritorious, (3) describe the status of state court proceedings on the unexhausted
6  claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims.

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's May 8, 2006 request for an extension of time is granted;

2.  Petitioner is granted thirty days from the date of this order in which to file his federal habeas petition in compliance with the terms of this order and the court's April 21, 2006 order, and to submit an application to proceed in forma pauperis; and

3.  Any motion for a stay and abeyance must make the showing described in this order.

DATED: May 17, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:bb/4
mart0831.111