IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LEE MARTINEZ,

Petitioner, No. CIV S-06-0831 GEB DAD P

vs.

ROSEANNE CAMPBELL, et al.,

Respondents. ORDER

__________________________________/

Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 27, 2006, the court ordered the respondents to file a response to the amended petition. Before the court is petitioner's motion for a stay and abeyance[1] and his motion for appointment of counsel, both filed on October 16, 2006.

In his motion for stay and abeyance, petitioner requests "to amend the mixed petition to dismiss the unexhausted claims; to have the amended petition stayed or (held open) in this court, while petitioner returns to the state court to exhaust the un-exhausted claims . . .".

/////

/////

[1] The motion has been docketed by the Clerk's Office as an "Amended Petition," because the first page of the document is a cover page titled, "Amended Petition."

(Mot., filed 10-16-06, at 3[2].) It appears that petitioner is acknowledging that his amended petition, filed on June 16, 2006, is a mixed petition.

The district court has discretion to stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. Rhines v. Weber, 544 U.S. 269, 277 (2005); see also Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998). The Supreme Court has cautioned, however, that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines, 544 U.S. at 277. Even if a petitioner shows good cause, the district court should not grant a stay if the claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

Petitioner's pending motion for a stay and abeyance is conclusory and insufficient. The court is unable to determine whether there is good cause for petitioner's failure to exhaust all claims before filing this action, whether petitioner's unexhausted claims are potentially meritorious and whether petitioner has acted with diligence. See Taylor, 134 F.3d at 987 nn. 8 & 11 (failure to make a showing of diligence in pursuing additional claims may foreclose a stay). For these reasons, petitioner's motion will be denied without prejudice to the filing of a new

/////

[2] This court has implemented the Case Management/Electronic Case Files (CM/ECF) docketing and file system which allows pleadings and documents to be electronically filed by the parties. For pleadings or documents that are submitted in paper format, the filing is scanned and stored electronically into the court's CM/ECF system. Each page of the electronic filing is numbered chronologically, whether or not, it was numbered by the party. If the filing is lengthy, the document is divided into parts. When the undersigned refers to a page number for a pleading or document filed with this court, the court is using the CM/ECF page number, which may not coincide with the page number used by the parties.

motion. The court will also vacate in part the court's September 27, 2006 order so that respondents need not file a response to the amended petition until further order by the court.

Petitioner will be granted thirty days to file a new motion to stay proceedings. The motion must include a proof of service showing that a copy of the motion was served on respondents' counsel. The motion must (1) establish good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3) describe the status of any current state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing these additional unexhausted claims.

Petitioner has also filed a motion for the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. The court's September 27, 2006 order is vacated in part; respondents need not file a response to the amended petition filed on June 16, 2006, until further order by the court;

2. Petitioner's October 16, 2006 motion for a stay and abeyance is denied without prejudice;

3. Within thirty days from the service of this order, petition shall file and serve a new motion for a stay and abeyance that complies with the requirements set forth above; and

/////

/////

/////

/////

4. Petitioner's October 16, 2006 motion for the appointment of counsel is denied.

DATED: October 20, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mart0831.vac