IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LEE MARTINEZ,

    Plaintiff,                   No. CIV 06-0831 ALA HC

    vs.

ROSEANNE CAMPBELL, et al.,

    Defendants.              <u>ORDER</u>

_____/

    Before the Court is a document filed by habeas corpus petitioner Kenneth Lee Martinez, entitled "Motion and Declaration for the Appointment of Counsel." Therein, Mr. Martinez asks the Court to appoint him counsel "because the issues and circumstances surrounding this petition are particularly complex." Motion at 2. He states that effective presentation of his habeas claims "require[s] the professionalism that only an experienced attorney can [provide]." *Id.*

    "[T]he sixth amendment right to counsel does not apply in habeas corpus actions."

-1-

*Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). "Indigent state prisoners are not entitled to court appointed counsel unless under the circumstances of the particular case [it] is required in order to attain due process of law." *Eskridge v. Rhay*, 345 F. 2d 778, 782 (9th Cir. 1965). 18 U.S.C. § 3006A(a)(2), however, provides that "[w]henever the . . . court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." The decision whether to provide counsel is in the district court's discretion unless an evidentiary hearing is required. *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

      The interests of justice do not require that the Court obtain counsel for Mr. Martinez. Mr. Martinez' habeas petition asserts eight claims: (1) his conviction of torture violated double jeopardy because "the acts which . . made up the torture . . . were necessarily lesser included offenses of the torture;" (2) the trial court violated his due process rights by failing to give the jury a sua sponte unanimity instruction; (3) California's definition of torture, set forth in California Penal Code section 206, is invalid because it "was superseded by the United States' ratification of the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment;" (4) the trial court violated his due process rights by giving CALJIC No. 2.50.02, which permits the jury to infer that the defendant has a disposition to commit domestic violence if it finds the defendant committed a prior offense involving domestic violence; (5) his conviction violated his Fourteenth Amendment due process rights because California Penal Code Section 206 is unconstitutionally vague; (6) the trial court's imposition of

1 consecutive life terms violated his Fourteenth Amendment due process rights; (7) his conviction
2 violated his Sixth Amendment right of confrontation; and (8) his sentence violates *Blakely v.*
3 *Washington*, 542 U.S. 296 (2004).  The Court believes Mr. Martinez is unlikely to succeed on
4 the merits of these claims.  Moreover, his amended habeas petition demonstrates that
5 he is capable of articulating the basis of the claims without the aid of counsel.  Consequently,
6 the Court will deny Mr. Martinez' motion to have the Court ask an attorney to represent him.

8 DATED:  August 17, 2007

                                              /s/ Arthur L. Alarcón
                                              UNITED STATES CIRCUIT  JUDGE
                                              Sitting by Designation