IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LEE MARTINEZ,

    Petitioner,                        No. 2:06-cv-00831 ALA (HC )

    vs.

ROSEANNE CAMPBELL, Warden,            ORDER

    Respondent.

_____ /

    On October 27, 2008, this court ordered Respondent to file a response to the Petitioner's amended petition for writ of habeas corpus on or before November 21, 2008 (No. 75). On November 21, 2008, instead of filing a response, one of Respondent's five attorneys, Mark A. Johnson, filed a Request for Enlargement of Time to File Responsive Pleading (No. 77).[1] Mr. Johnson explained that he has been recovering from a serious illness and that he has been incapacitated for much of the past 30 days. Mr. Johnson states that, as a result, he has been able to perform very little work and requests a thirty-day, and no more than forty-five day, extension to file an answer. Req. for Enlargement of Time at 1-2.

    Normally, the court would readily grant such a request. In this case, however, Mr.

---

[1] The Court refers Respondent's counsel to Local Rule 7-131 and directs Respondent's counsel to comply with this rule requiring that, "[t]he . . . California State Bar membership number *of all counsel . . . shall* appear in the upper left-hand corner of the first page of each document presented for filing . . . ." (emphasis added). *See* E.D. Cal. R. 7-131(a).

1  Johnson's last filing was a September 24, 2008 response (No. 67) to this court's order to show
2  cause why sanctions should not be imposed for Respondent's failure to comply with a court
3  order (No. 65).  In this response, Mr. Johnson explained that he "somehow forgot to give [his]
4  secretary the draft of Respondent's reply to the motion to amend." He stated, "I proceeded under
5  the blissful delusion that I had actually filed Respondent's response to the motion and that,
6  therefore, there was nothing left to do except await further orders from the Court.  I did not
7  realize that I had not filed the response until the Court issued the order to show cause."
8  Response, No. 67, at  2.  When filing documents on Pacer, the lead attorney, who in this case is
9  Mr. Johnson, receives an email notice of documents filed in the case.  Therefore, even though
10 Mr. Johnson gave the document to his secretary to file, he should have realized it was not filed
11 when he failed to receive an email notification that a filing occurred.  Despite this lack of
12 diligence, this court vacated the order to show cause based on Mr. Johnson's explanation (No.
13 69).

   Mr. Johnson now seeks, on the same day his client's response was due, an extension
15 based on medical issues.  There are five attorneys listed as counsel for Respondent on the instant
16 request.  Mr. Johnson does not address why he did not seek the assistance of even one of the four
17 other attorneys who are named as counsel for Respondent in this case.  One of these attorneys
18 could have filed a responsive pleading or filed for an extension of time, explaining Mr.
19 Johnson's illness, prior to the day the responsive pleading was due.  The court expects that if an
20 attorney is "incapacitated," another attorney in his office, especially those listed as co-counsel,
21 would assume responsibility for the day-to-day litigation of the action.

   Accordingly, IT IS HEREBY ORDERED that Respondent's request is GRANTED, in
23 part, and Respondent's answer shall be filed on or before December 5, 2008.  Petitioner shall file
24 a traverse to Respondent's answer, if any, on or before December 26, 2008.
25 / / /
26 DATED: November 26, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

2