IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LEE MARTINEZ,

    Petitioner,                                 No. 2:06-cv-00831 ALA (HC )

    vs.

ROSEANNE CAMPBELL, Warden,                 ORDER

    Respondent.

_____/

    Currently before the court are Petitioner Kenneth Lee Martinez' ("Petitioner") "Motion in Opposition to Respondents [sic] Request for an Enlargement of Time . . . and Motion for Judgment by Default" (No. 80) ("Opposition") and "Petitioner's Motion for <u>Emergency Instruction</u> on What Petitioner is Suppose [sic] to do with his [First] and [Second] State Habeas Corpus Exhausted, and <u>Ruling</u> on Petitioners [sic] Motion for Stay and Abeyance.  All of Which Have Been Previously Submitted to the Court." (Nos. 76 and 79 (emphasis and brackets in original) "Emergency Motion for Instruction").

**I**

    Petitioner opposes the Respondent's request for an enlargement of time to file an answer in this case.  The Respondent filed the request for enlargement of time on November 21, 2008 (No. 77).  After considering the same issues Petitioner raised in his Opposition, this Court issued

1  an order granting the request, in part, on November 26, 2008 (No. 78) and ordered Respondent to
2  file an answer on or before December 5, 2008.  Accordingly, Petitioner's motion opposing the
3  enlargement of time is denied as moot.

**II**

5  Petitioner's amended application for a writ of habeas corpus (No. 74) alleges eight claims
6  for relief.  At the time Petitioner filed the Emergency Motion for Relief, claims one through
7  seven had been exhausted and Petitioner's eighth claim was pending before the California
8  Supreme Court.[1]  While the Emergency Motion for Relief was pending, Petitioner's eighth claim
9  also became exhausted.

10  On December 10, 2008, and subsequent to Petitioner's filing the instant Emergency
11  Motion for Instruction, the California Supreme Court issued an order denying Petitioner's
12  petition for review of *People v. Martinez*, 83 Cal. Rptr. 3d 738 (Cal. Ct. App. Sept. 23, 2008)
13  (No. C055549), modified by *People v. Martinez*, No. C055549, 2008 Cal. App. Lexis 1666 (Cal.
14  Ct. App. Oct. 22, 2008).  *See People v. Martinez*, No. S167946, (Cal. Dec. 10, 2008).  Thus,
15  Petitioner's amended application for writ of habeas corpus (No. 74) raises no unexhausted
16  claims.

17  "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the

---

[1]  *See People v. Martinez*, 23 Cal. Rptr. 3d 508 (Cal. Ct. App. 2005) (Case No. C043341), modified by *People v. Martinez*, No. C043341, 2005 Cal. App. Lexis 67 (Cal. Ct. App. Jan. 20, 2005) (affirming judgment of conviction when Petitioner raised claims one through eight, above); *People v. Martinez*, No. S131668, 2005 Cal. Lexis 4432, at *1 (Cal. Apr. 20, 2005) (denying petition for review "without prejudice to any relief to which defendant might be entitled after this court determines in *People v. Black*, S126182, and *People v. Towne*, S125677, the effect of *Blakely v. Washington* (2004) 542 U.S. __ [159 L. Ed. 2d 403, 124 S.Ct. 2531], on California law."); *People v. Martinez*, No. S144947, 2007 Cal. Lexis 734 (Cal. Jan. 24, 2007) (denying petition for writ of habeas corpus); *People v. Martinez Against an Attorney*, Case No. S149220, 2007 Cal. Lexis 1393 (Cal. Feb. 7, 2007) (denying petition); *People v. Martinez*, No. S159943, 2008 Cal. Lexis 7798 (Cal. June 25, 2008) (denying petition for writ of habeas corpus); *People v. Martinez*, 83 Cal. Rptr. 3d 738 (Cal. Ct. App. Sept. 23, 2008) (No. C055549), modified by *People v. Martinez*, No. C055549, 2008 Cal. App. Lexis 1666 (Cal. Ct. App. Oct. 22, 2008) (affirming denial of motion for new sentence made pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004) and *Cunningham v. California*, 549 U.S. 270 (2007)), *appeal docketed*, No. S167946 (Cal. Oct. 31, 2008).

highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner files the habeas petition in federal court no state remedies are still available to the petitioner and the petitioner had not deliberately by-passed the state remedies." *Sherwood v. Tomkins*, 716 F.2d 632, 634 n.1 (9th Cir. 1983) (quoting *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir.1982), cert. denied, 463 U.S. 1212 (1983)). Petitioner's amended application meets this requirement because California's highest court was provided with an opportunity to rule on the merits of the claim and denied the petition for review. Accordingly, Petitioner's motion to stay the action (Nos. 23, 49, 64) is moot as Petitioner's amended petition asserts only exhausted claims.

Respondent filed an answer to the amended petition on December 5, 2008 (No. 81) and, as previously ordered (No. 78), Petitioner has up to and until December 26, 2008 to file a traverse, if any. Additionally, the court will allow Petitioner and Respondent to file a supplemental brief that addresses the California Supreme Court's December 10, 2008 order denying the petition for review in case number S167946.

**III**

IT IS HEREBY ORDERED:

1. Petitioner's opposition to Respondent's request for enlargement of time is DENIED as moot and Petitioner's request for default judgment is DENIED (No. 80);

2. Petitioner's motion to stay the action (Nos. 23, 49, 64) is DENIED as moot;

3. Petitioner's Emergency Motion for Instruction (Nos. 76 and 79) is also DENIED as moot; and

3. Petitioner and Respondent have up to and until December 30, 2008 to file a supplemental response addressing the effect of the California Supreme Court's

1       December 10, 2008 order in Case Number S167946, if any.  This supplemental

2     response shall not exceed seven (7) pages.

3 /////

4 DATED: December 12, 2008

5                             /s/ Arthur L. Alarcón
                              UNITED STATES CIRCUIT JUDGE

6                               Sitting by Designation