| | |
|---|---|
| | IN THE UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

KENNETH LEE MARTINEZ,

    Petitioner,                           Case No. 2:06-cv-00831 ALA (HC )

    vs.

ROSEANNE CAMPBELL, Warden,        <u>ORDER</u>

    Respondent.

_____/

On February 17, 2009, this court denied Petitioner Kenneth Lee Martinez' ("Petitioner") application for a writ of habeas corpus. (Doc. Nos. 74, 91.) Petitioner timely filed a notice of appeal and an application for a certificate of appealability. (Doc. Nos. 94, 95.) Petitioner did not seek to certify a particular issue. Instead, Petitioner seeks to appeal all nine claims raised in his application for a writ of habeas corpus.[1]

Before Petitioner can appeal this court's judgment, a certificate of appealability must issue to provide the Ninth Circuit jurisdiction to consider this appeal. 28 U.S.C. § 2253(c)(1);

---

[1] Additionally, Petitioner seeks to exercise "any right he has to an expanded record to include each and every claim raised in his [FIRST] and [SECOND] state petition for writ of habeas corpus, including the claim raised in his petition for writ of [MANDATE]." Doc. No. 95 at 4. Petitioner raises an additional thirty-two grounds for relief that were not raised in his habeas petition before this court. This is addressed in section II J, below.

Fed. R. App. P. 22(b)(1). "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); 28 U.S.C. § 2253. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under the controlling standard, a petitioner must sho[w] that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotations omitted). The Court must either issue a certificate of appealability or must state the reasons why a certificate should not issue. Fed. R. App. P. 22(b)(1).

For the reasons set forth in this court's denial of Petitioner's application for writ of habeas corpus, (doc. no. 91), and reiterated in part below, Petitioner fails to make a substantial showing that his constitutional rights were infringed upon. Accordingly, a certificate of appealability shall not issue.

## I

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) "shall not be granted with respect to any claim that was adjudicated on the merits" in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## II

### A

Petitioner first contended that his conviction violated the Fifth Amendment's protection

against double jeopardy because the five assault with deadly weapons counts, corporal injury on a cohabitant, forcible rape, forcible oral copulation, criminal threats, dissuading a witness by force or fear, and false imprisonment by violence were simply lesser included offenses of his conviction of torture. This court explained that each of these counts required the prosecution to establish elements that were not required to prove torture as charged in count one and, accordingly, no violation of the Double Jeopardy Clause occurred.

**B**

Petitioner next contended that the trial court's failure to provide a unanimity instruction violated his right to due process. However, as this court explained, the unanimity instruction was not required because the events over the three-day period constituted a continuous course of conduct. *See People v. Stankewitz,* 270 Cal. Rptr. 817, 835 (Cal. 1990). Moreover, a challenge to a jury instruction solely as an error under state law does not state a claim cognizable in a federal habeas corpus action. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) ("the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief"). The Constitution does not require unanimity in a jury verdict. *Schad v. Arizona*, 501 U.S. 624, 634 n.5 (1991); *Apodaca v. Oregon*, 406 U.S. 404, 410-413 (1972). Thus, Petitioner was not entitled to habeas relief on this ground.

**C**

Petitioner's third basis for habeas relief contended that the California's torture statute, California Penal Code § 206, is preempted by the Convention Against Torture, 1465 U.N.T.S. 85, and his conviction violates due process under the Fourteenth Amendment. As this court explained, the Convection Against Torture does not apply to Petitioner's actions, and California Penal Code § 206 neither interferes with nor is contrary to any federal law.

**D**

Petitioner argued in his fourth claim that the trial court's use of CALJIC No. 2.50.02 violated his rights under the Fifth, Sixth, and Fourteenth Amendments because the jury might

have believed that they could convict Petitioner based on a preponderance of the evidence standard rather than the beyond a reasonable doubt standard. This court looked at the language of CALJIC No. 2.50.02, the trial court's related instruction to the jury, and Petitioner's counsel's statements to the jury during closing argument and concluded that the California Court of Appeal's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established Federal law.

**E**

Petitioner's fifth contention was that California Penal Code § 206 is unconstitutionally vague. As this court explained, California courts have rejected the notion that section 206 is void-for-vagueness, and § 206 was not unconstitutional as applied to Petitioner.

**F**

In Petitioner's sixth ground for relief, he argues that the consecutive terms imposed for the sexual assaults—counts eight and nine, forcible rape and oral copulation, respectively—violated his due process rights under the Fourteenth Amendment because they occurred on a single occasion not, as the trial court found, on separate occasions. Under *Oregon v. Ice*, No. 07-901, 555 U.S. \_\_\_, 129 S. Ct. 711 (Jan. 14, 2009), the trial court was permitted to find that the sexual assaults occurred on separate occasions and that the imposition of consecutive sentences was proper and not a violation of Federal law.

**G**

Petitioner's seventh contention is that the trial court's admission of the victim's out-of-court statements violated the Confrontation Clause of the Sixth Amendment under *Crawford v. Washington*, 541 U.S. 36 (2004). This claim was properly rejected because the victim appeared at trial, and was available for cross-examination. *See id.* at 59 n.9 ("when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. . . . The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it."). Thus, Petitioner's

4

claim was properly rejected.

**H**

In his eighth claim, Petitioner asserts that the imposition of consecutive and upper term sentences violated his right to trial by jury under the Sixth Amendment and violate *Blakely v. Washington*, 542 U.S. 296 (2004). As discussed in Section F, above, Petitioner's argument that his Sixth Amendment rights were violated because the trial court determined that counts eight and nine occurred on separate occasions fails. *Ice*, 129 S. Ct. at 719. Petitioner argues that the imposition of consecutive sentences violates *Blakely*, 542 U.S. 296. However, *Blakely* addressed a court's imposition of a sentence above the statutory maximum and does not apply here because the consecutive sentence was within the statutory maximum that the trial court was authorised to impose based on the jury's verdict. *Id.* at 301. Petitioner fails to raise any argument that suggests the California Court of Appeal's decision was contrary to, or an unreasonable application of a clearly established federal law as determined by the Supreme Court of the United States.

**I**

Petitioner's final contention is that the police and prosecution conspired to suppress medical reports and the sexual examination reports violating his due process rights under the Fourteenth Amendment. The purportedly suppressed evidence was presented at trial through the testimony of Deputy Sheriff Christopher Stiehr, Dr. Robert Thrailkill, and Dr. Kyle Krueger. No constitutional violation occurred because Petitioner's counsel knew of the information in the purportedly suppressed evidence and it was presented the jury. *See Brady v. State of Maryland*, 373 U.S. 83, 87 (1963) (holding that the "*suppression* by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.") (emphasis added).

**J**

Finally, Petitioner seeks to present thirty-two additional claims in his appeal that were

not previously raised in his multiple applications for a writ of habeas corpus (doc. nos. 1, 8, 12, 29, and 74). Petitioner knew of these issues when he commenced the federal action because he raised these issues in two motions for stay and abeyance (doc. nos. 16, 23) filed in October and November 2006. On August 21, 2008, Petitioner sought leave to amend his application for writ of habeas corpus (doc. no. 62) with newly exhausted claims. On September 29, 2008, this court granted Petitioner's motion to amend his application for writ of habeas corpus (doc. no. 69). Petitioner filed an amended application for writ of habeas corpus on October 23, 2008 (doc. no. 74). This application raised nine grounds for relief, discussed in parts II A-I, above.[2] The October 23, 2008 application failed to allege Petitioner's thirty-two new claims. Petitioner attached his previous motion for stay and abeyance to the traverse he filed on January 29, 2009 (doc. no. 86). Petitioner sought to include the arguments made in the motion for stay and abeyance into the habeas application by attaching it to the traverse. *See* doc. no. 86 at 2-3. However, these new claims were never raised before the California Court of Appeal and are time barred.[3] *In re Robbins*, 77 Cal. Rptr. 2d 153, 159-60 (Cal. 1998). Likewise, the claims are time barred before this court. 28 U.S.C. § 2244(d)(1).

## III

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability not issue as it is clear that reasonable jurists would find, after reviewing the state court record and the materials

/////

/////

---

[2] Petitioner's ninth claim, which he describes as a "chain conspiracy", actually asserts that the prosecution and investigators suppressed evidence. This court held that that the allegedly suppressed evidence was, in fact, available and presented to the jury. See section II I, above.

[3] Petitioner made similar arguments in an untimely application for writ of habeas corpus made directly to the California Supreme Court, filed on January 15, 2008. The California Supreme Court denied this application on June 25, 2008. *People v. Martinez*, No. S159943, 2008 Cal. Lexis 7798 (Cal. June 25, 2008).

filed in this court, that the denial of Petitioner's application for a writ of habeas corpus was not subject to debate and should not have been resolved in a different manner.

/ / /

DATED: March 20, 2009

                                            /s/ Arthur L. Alarcón
                                            UNITED STATES CIRCUIT JUDGE
                                            Sitting by Designation